## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DYLAN COLLINS** | * | |
| | * | **CIVIL ACTION NO.:** |
| **VERSUS** | * | |
| | * | |
| **GEOVERA SPECIALTY** | * | |
| **INSURANCE COMPANY** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT FOR DAMAGES AND TO APPOINT UMPIRE

**NOW INTO COURT,** through undersigned counsel, comes complainant, Dylan Collins (hereinafter "Complainant"), and files his Complaint for Damages against defendant, GeoVera Specialty Insurance Company (hereinafter "GeoVera"), respectfully averring as follows:

### I. PARTIES

**1.**

Made Plaintiff herein is **DYLAN COLLINS**, an adult resident of the Parish of Calcasieu, Louisiana.

**2.**

Made Defendant herein is **GEOVERA SPECIALTY INSURANCE COMPANY**, an insurer domiciled in the State of California who is authorized to do and is doing business in the State of Louisiana and the Parish of Calcasieu, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II.  JURISDICTION AND VENUE

**3.**

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

**4.**

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainant resides in this District and the property that is subject to the dispute between Complainants and GeoVera is located in this District.

## III.  RELEVANT FACTS

**5.**

At all times relevant hereto, Complainant owned the property located at 811 14th Street, Lake Charles, Louisiana 70601 (the "Property").

**6.**

At all times relevant hereto, GeoVera provided a policy of insurance, number GC90045991 (the "Policy"), to Complainant which covered the Property against perils including hurricanes and provided the following coverages: $126,000 for Dwelling; $12,600 for Other Structures; $63,000 for Personal Property; and $25,200 for Loss of Use, *inter alia*.

**7.**

On or around August 27, 2020, Hurricane Laura caused significant damages to Complainant's Property.

**8.**

Complainant promptly reported the loss to GeoVera, who assigned it claim number 2024222164 (the "Laura Claim").

**9.**

Prior to Hurricane Laura, Complainant evacuated to Deridder, Louisiana, where he stayed with family for the duration of the storm.

**10.**

Upon his return, Complainant realized the Property was completely uninhabitable.

**11.**

Complainant was then forced to return to Deridder, Louisiana due to Proeprty's uninhabitability, including a lack of electricity and water.

**12.**

Although electricity and water services were ultimately restored to Property, Complainant still cannot reside in the home full time due to its deplorable conditions. He remains displaced in Deridder, Louisiana today, paying rental fees and suffering the costs of traveling back and forth to the Proeprty.

**13.**

On or about October 6, 2020, an adjuster from GeoVera inspected the Property and documented damages to the dwelling and other structures. GeoVera allowed Complainant only $16,972.29 and $6,895.92 for his substantial dwelling and other structures losses, respectively. This was completely inadequate.

**14.**

GeoVera's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**15.**

Complainant was unable to make meaningful repairs to his Property with the insufficient proceeds allowed by GeoVera.

**16.**

As a result of GeoVera's failure to timely and adequately compensate Complainant for his covered losses, he was forced to incur the expense of retaining counsel and other expenses to prosecute his claim.

**17.**

On or about November 12, 2020, Mario Barrilleaux of Complete Adjusting Services, LLC ("CAS") inspected the Property on behalf of Complainant and created an estimate of damages documenting $82,631.99 in damages to the dwelling, $3,050.00 in damages to the other structures of the home, and $4,208.28 in damages related to Complainant's contents/personal property. Additionally, Complainant incurred out-of-pocket costs in the amount of $8,000.00 related to tree and debris removal.

**18.**

On November 26, 2020, a demand for the release of unconditional tenders was sent to GeoVera, along with the CAS estimate and photographs and tree and debris removal invoice, demonstrating all losses documented therein.

**19.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**20.**

On December 3, 2020, GeoVera invoked the appraisal provision of the Policy and named Larry "Bree" McCorckle as its appraiser.  On December 14, 2020, Complainant acknowledged GeoVera's invocation and named Luke Irwin as his appraiser.  To date, the appraisers have not named an umpire, despite the diligent efforts of Luke Irwin.

**21.**

Upon information and belief, Mr. McCorckle has in excess of two-hundred and fifty appraisals currently ongoing.  With that kind of workload, it is virtually impossible to dutifully cary out individual appraisals in a reasonable and timely fashion.  As such, without the Court's intervention, this appraisal process could take years.

**22.**

Furthermore, Mr. McCorckle is not "impartial" as required by the Policy.  Mr. McCorckle works predominantly, if not excusively, for insurance carriers.  Complainants have reason to believe that this process will be neither swift, nor fair, absent the Court appointing an umpire who can fairly and impartially render an opinion.

**23.**

As a result of GeoVera's failure to timely and adequately compensate Complainant for his substantial losses, the Property remains in a state of disrepair.

**24.**

Upon information and belief, GeoVera's failure to timely and adequately compensate Complainant for his loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

**25.**

Upon information and belief, GeoVera purposely and/or negligently misrepresented to Complainant the terms and conditions of the Policy.

**26.**

Upon information and belief, GeoVera conducted the investigation and claims handling for Complainant's claims in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**27.**

Upon information and belief, GeoVera manipulated its pricing software to artificially suppress the cost of repairs below market value.

**28.**

Upon information and belief, GeoVera purposely or at least negligently failed to include adequate overhead and profit in its estimates of damages.

**29.**

Complainant has incurred or will incur additional expenses in restoring the Property as a result of GeoVera's failure to timely compensate him for his substantial and covered losses.

30.

Complainant has incurred or will incur additional living expenses as a result of the damages caused to his Property by Hurricane Laura, including those additional living expenses that will be incurred during the repair of the Property.

## III. CAUSES OF ACTION

### A. Breach of the Insurance Contract

31.

Complainant realleges and re-avers the allegations contained in paragraphs 1-30, above, as if restated herein.

32.

An insurance contract, the Policy, exists between Complainant and GeoVera.

33.

The Policy provides coverages for perils including hurricanes.

34.

Despite having received satisfactory proof of loss for damages caused by Hurricane Laura, GeoVera failed to timely tender adequate insurance proceeds as required by the Policy.

35.

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of GeoVera's inspection, GeoVera breached the Policy.

36.

By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of the CAS estimate, GeoVera breached the Policy.

**37.**

By purposely and/or negligently misrepresenting to Complainant the terms and conditions of the Policy, GeoVera breached the Policy.

**38.**

By failing to conduct the claims handling for Complainant's Laura Claim in good faith and with fair dealing, GeoVera breached the Policy.

**39.**

By manipulating its pricing software to artificially suppress the cost of repairs below market value, GeoVera breached the Policy.

**40.**

By failing to include adequate overhead and profit in its estimates of damages, GeoVera breached the Policy.

**41.**

By failing to reasonably participate in the appraisal process, GeoVera breached the Policy.

**42.**

Complainant has suffered and continues to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

**43.**

Complainant realleges and re-avers the allegations contained in Paragraphs 1-42, above, as if restated herein.

**44.**

The actions and/or inactions of GeoVera in failing to timely and adequately compensate Complainant for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making GeoVera liable for statutory bad faith penalties.

**45.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

**46.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**47.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**48.**

GeoVera is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with his Laura Claim despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss from CAS.

**49.**

GeoVera's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

**50.**

GeoVera's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

**51.**

GeoVera's failure to pay timely for damages it knew, or should have known, existed at the time it received the CAS estimate was in bad faith.

**52.**

GeoVera's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

**53.**

GeoVera's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

**54.**

By failing to reasonably participate in the appraisal process, GeoVera acted in bad faith.

**55.**

GeoVera's handling of Complainant's Laura Claim was in bad faith.

## IV. DAMAGES

**56.**

Complainant realleges and re-avers the allegations contained in Paragraphs 1-55, above, as if restated herein.

**57.**

As a result of GeoVera's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following, non-exclusive damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Additional living expenses;

f. Mental anguish;

g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**58.**

Complainant requests a trial by jury.

## V. APPOINTMENT OF UMPIRE

**59.**

The Policy requires that if the named appraisers cannot agree upon an umpire within fifteen days of appointment, the parties may ask a judge of a court of record in the judicial district where the "residence premises" is located to choose an umpire.

**60.**

More than fifteen days have passed since the appraisers were selected and they have not named an umpire. In fact, almost two months have passed since Complainant named his appraiser, as of the time of this filing.

**61.**

Complainant's Property is within the Honorable Court's district.

**62.**

Because more than fifteen days have passed since the appraisers were selected, and because they have been unable to timely name an umpire, the Court should select a competent and impartial umpire to act in this matter.

**63.**

**WHEREFORE,** Complainant, Dylan Collins, prays that, Defendant, GeoVera Specialty Insurance Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainant, Dylan Collins, and against Defendant, GeoVera Specialty Insurance Company, in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with

legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

                                                  **RESPECTFULLY SUBMITTED:**

                                                  _____
Galen M. Hair, La. Bar. No. 32865
Trent J. Moss, La. Bar No. 37406
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3540 S. I-10 Serv. Rd., W., Ste. 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351

**PLEASE SERVE:**

**GeoVera Specialty Insurance Company**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809.

13